```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RICARDO ARTURO MENDEZ TUCUBAL,                              :
                                                            :
                              Plaintiff,                    :
                                                            :             18-CV-1442 (VSB)
                -v-                                         :
                                                            :                  ORDER
MK 32 RESTAURANT CORP., et al.,                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2019

VERNON S. BRODERICK, United States District Judge:

On February 16, 2018, Plaintiff Ricardo Arturo Mendez Tucubal filed this action against Defendants MK 32 Restaurant Corp. d/b/a The Kunjip, Myounga Restaurant, Inc. d/b/a The Kunjip, Hai Hwa Pak, and Chung Ho, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law (the "NYLL").  (*See generally* Doc. 1.)  Plaintiff alleges various violations of the FLSA and NYLL, including that Defendants failed to pay him the applicable minimum hourly wage, as well as required overtime compensation for all hours worked in excess of forty hours per week.  (*Id.*)

On June 11, 2018, the parties appeared before United States Magistrate Judge James L. Cott, to whom this case was referred for the purpose of settlement discussions, for a settlement conference.  (*See* Doc. 28.)  On June 14, 2018, Magistrate Judge Cott issued an Order indicating that the parties had reached a settlement in principle.  (Doc. 29.)

Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F.

Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-CV7002 (KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). Therefore, on July 23, 2018, the parties submitted a joint letter, attaching the settlement agreement and explaining how—in their view—the terms of their proposed settlement are fair and reasonable. (*See* Doc. 33.)

## I.     Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

## II.     Discussion

I have independently reviewed the settlement agreement and supporting submissions provided by the parties, (Doc. 33), to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  I do not find the settlement agreement to be fair and reasonable because the settlement agreement contains overbroad releases.  As a result of this finding, I have not considered in this Order whether the settlement amount and requested attorney's fees are reasonable.

I will not approve the sweeping "General Release and Covenant Not to Sue" provision in the proposed settlement agreement.  (*See* Settlement Agmt. § 3.)[1]  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'"  *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

---

[1] "Settlement Agmt." refers to the parties' proposed Settlement Agreement and General Release.  (Doc. 33-1.)

The general release provision in the parties' settlement agreement is too broad to survive judicial scrutiny. Pursuant to the release provision, Plaintiff releases Defendants

> from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants that have occurred as of the Effective Date of this Agreement.

(Settlement Agmt. § 3.) This provision is overbroad: it requires Plaintiff to waive virtually any claim, of any type, against Defendants or any possibly related entity as long as it has occurred as of the date Plaintiff executes the agreement. Although some courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom, LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise. I note that the parties' joint letter does not address the release provision in any way, even though the parties apparently discussed the "terms of [the] release," and Plaintiff's counsel conducted "research on [the] language for [the] release." (Doc 33-2 (July 12, 2018 time entry).) "The fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).

Accordingly, this provision does not meet the standards for approval established by courts in this district. Therefore, I decline to assess the reasonableness of the settlement amount and attorney's fees requested at this time.

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: January 7, 2019
        New York, New York

_____
Vernon S. Broderick
United States District Judge