UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO ARTURO MENDEZ TUCUBAL, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>MK 32 RESTAURANT CORP. (d/b/a The Kunjip), MYOUNGA RESTAURANT, INC. (d/b/a The Kunjip), HAI HWA PAK, and CHUNG HO,<br><br>*Defendants.* | 18-CV-01442-VSB<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>GENERAL RELEASE</u> |

    This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Ricardo Arturo Mendez Tucubal ("Plaintiff") on the one hand, and MK 32 Restaurant Corp. (d/b/a The Kunjip), Myounga Restaurant, Inc. (d/b/a Kunjip) (the "Defendant Corporations"), Hai Hwa Pak and Chung Ho (the "Individual Defendants") (collectively the Defendant Corporations and the Individual Defendants are the "Defendants"), on the other hand.

    WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-01442-VSB (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and

1231196.1

costs incurred by Plaintiffs, the gross sum of Sixty Thousand Dollars ($60,000) (the "Settlement Amount") to be paid to Plaintiff's attorneys in installments as follows:

(a) A check in the amount of Thirty Thousand Dollars ($30,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by Plaintiff's counsel, delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b) Installment One: A check in the amount of Ten Thousand Dollars ($10,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within sixty (60) days of the Court approval of the settlement in this matter and upon the signing of this Agreement and execution of a W-9 by Plaintiff's counsel, delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel. The foregoing shall apply with respect to all installments under this agreement.

(c) Installment Two: A check in the amount of Ten Thousand Dollars ($10,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within ninety (90) days of the Court approval of the settlement in this matter and upon the signing of this Agreement and execution of a W-9 by Plaintiff's counsel, delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

(d) Installment Three: A check in the amount of Ten Thousand Dollars ($10,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within one hundred and twenty (120) days of the Court approval of the settlement in this matter and upon the signing of this Agreement and execution of a W-9 by Plaintiff's counsel, delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

(e) In the event of a breach of this Agreement by Defendants for Plaintiff's failure to receive the payments set forth in Paragraphs 1a through 1d, Plaintiff, by his attorneys, shall send written notice of such breach by e-mail and first-class mail to Defendants' counsel, Jackson Lewis P.C., 666 Third Avenue, New York, NY 10017, Attn: Richard I. Greenberg, Esq. Upon notice of such breach, Defendants shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, Plaintiff shall be permitted to file the confessions of judgment with the New York County Clerk and/or in a Court of competent jurisdiction in the amount of $75,000.00, and attorneys' fees and interest, less amounts previously paid by Defendants pursuant to this Agreement.

2. Concurrently with the execution of this Agreement, Defendant Hai Hwa Pak, on behalf of herself and on behalf of Defendants MK 32 Restaurant Corp. (d/b/a The Kunjip) and Myounga Restaurant, Inc. (d/b/a The Kunjip), shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as **Exhibit A**.

The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the payments as set forth above, i.e., one of the checks is not delivered to Plaintiff's counsel and/or one of the checks fails to clear, and (ii) Defendants fail to cure such default as provided in paragraph 1e.

Plaintiff's counsel warrants that the Confession of Judgment of Hai Hwa Pak, the individual Defendant herein, will be null and void, annulled and discarded if and when the Defendants have made payments on all payments under paragraph one without defaulting. This will have no effect on Defendant Hai Hwa Pak and Chung Ho's obligations under this agreement nor constitute a waiver of Plaintiff's rights to enforce this agreement as against any Defendant.

3. Release and Covenant Not To Sue: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors and assigns from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants that have occurred as of the Effective Date of this Agreement, for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid deferred payment, unpaid accrued benefit time, liquidated damages, unpaid reimbursement of equipment cost, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include any and all claims alleged by Plaintiffs in this Action. .

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Dismissal of the Litigation: Plaintiff shall file with the Court in this litigation, within seven (7) days of Court approval of the settlement of this matter, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. Acknowledgment: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or

promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

Plaintiff:
Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165
Tel: 212-317-1200
Fax: 212-317-1620
Email: michael@faillacelaw.com

Defendants:
Richard Ian Greenberg
Jackson Lewis P.C.
666 Third Avenue
New York, NY 10017
Tel: 212-545-4080
Fax: 212-972-3213
Email: Richard.Greenberg@jacksonlewis.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and General Release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff

confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

    12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: 1-28-19       By: _Ricardo_____
                                  Ricardo Arturo Mendez Tucubal

**Defendants:**

MK 32 Restaurant Corp. (d/b/a The Kunjip)
By: _/s/_____
Print Name: Hai Hwa Pak    Date: 1/23/19

Myounga Restaurant, Inc. (d/b/a The Kunjip)
By: _/s/_____
Print Name: Hai Hwa Pak    Date: 1/23/19

Date: 1/23/19       By: _/s/_____
                                  Hai Hwa Pak

Date: 1/23/19       By: _/s/_____
                                  Chung Ho

Case 1:18-cv-01442-VSB Document 33-1 Filed 01/23/19 Page 6 of 9

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICARDO ARTURO MENDEZ TUCUBAL,
*individually and on behalf of others similarly situated*,

                *Plaintiff*,

                -against-

MK 32 RESTAURANT CORP. (D/B/A THE KUNJIP), MYOUNGA RESTAURANT, INC. (D/B/A THE KUNJIP), HAI HWA PAK, and CHUNG HO,

                *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                                  : ss.:
COUNTY OF NEW YORK  )

    I, HAI HWA PAK, being duly sworn, deposes and says:

1.     I reside in Englewood Cliffs, New Jersey.

2.     I am a Manager Member of MK 32 Restaurant Corp. (d/b/a The Kunjip). I am duly authorized to make this affidavit of confession of judgment on behalf of MK 32 Restaurant Corp. (d/b/a The Kunjip).

3.     I am a Managing Member of Myounga Restaurant, Inc. (d/b/a The Kunjip). I am duly authorized to make this affidavit of confession of judgment on behalf of Myounga Restaurant, Inc. (d/b/a The Kunjip).

4.     MK 32 Restaurant Corp. (d/b/a The Kunjip) maintains its principal place of business in New York County at 32 West 32nd Street, New York, New York.

5.     Myounga Restaurant, Inc. (d/b/a Kunjip) maintained its principal place of business in New York County at 9 West 32nd Street, New York, New York.

6. Pursuant to the terms of the Settlement Agreement and General Release by and between Ricardo Arturo Mendez Tucubal ("Plaintiff") on the one hand, MK 32 Restaurant Corp. (d/b/a The Kunjip), Myounga Restaurant, Inc. (d/b/a Kunjip), Hai Hwa Pak, and Chung Ho (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against myself, Hai Hwa Pak, MK 32 Restaurant Corp. (d/b/a The Kunjip) and Myounga Restaurant, Inc. (d/b/a Kunjip) in favor of Plaintiff for the sum of Seventy Five Thousand Dollars ($75,000).

7. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $60,000 to Plaintiff.

8. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

9. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for Seventy- Five Thousand dollars ($75,000) (less any amounts already paid to Plaintiff pursuant to the above schedule), jointly and severally against me, Hai Hwa Pak, MK 32 Restaurant Corp. (d/b/a The Kunjip), and Myounga Restaurant, Inc. (d/b/a The Kunjip).

MK 32 RESTAURANT CORP. (d/b/a THE KUNJIP)

MYOUNGA RESTAURANT, INC. (d/b/a THE KUNJIP)

By: _____
HAI HWA PAK
Title: President/Managing Member

STATE OF _____ )
                       : ss.:
COUNTY OF _____ )

On <u>JULY 12</u>, 2018, before me personally came <u>HAI WHA PAK</u>, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President/Managing Member of MK 32 Restaurant Corp. (d/b/a The Kunjip) and Myounga Restaurant, Inc. (d/b/a The Kunjip) the parties described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of MK 32 Restaurant Corp. (d/b/a The Kunjip) and Myounga Restaurant, Inc. (d/b/a The Kunjip) and was authorized to do so.

_____
Notary Public

CHOONG KI LEE
Notary Public, State of New York
No. 31-01LE4961653
Qualified in New York County
Commission Expires Feb. 5, 2022