```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RICARDO ARTURO MENDEZ TUCUBAL,                              :
                                                            :
                              Plaintiff,                    :
                                                            :           18-CV-1442 (VSB)
                      -v-                                   :
                                                            :                 ORDER
MK 32 RESTAURANT CORP., et al.,                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On January 7, 2019, I issued an Order denying without prejudice the parties' proposed settlement agreement in light of the parties' inclusion of an overbroad release (the "January 7 Order," Doc. 34).[1] I instructed the parties that they may proceed by either (1) filing a revised proposed settlement agreement that cures the deficiencies outlined in my January 7 Order, or (2) filing a joint letter indicating their intention to abandon settlement. (*Id.*) The parties have submitted a revised settlement agreement that amends the release in accordance with my January 7 Order. (*See* Doc. 35.) Because the release complies with the parameters set forth in my January 7 Order and limits released claims to those claims relating to wage-and-hour violations, I find the revised release to be fair and reasonable.

I now separately address the settlement amount and the reasonableness of the requested attorney's fees. I find that the revised settlement amount is fair and reasonable; however, I find that Plaintiff's counsel's requested attorney's fees are unreasonably high given the circumstances of this case; I therefore award counsel costs and fees equivalent to 20% of the overall settlement

---

[1] I assume the parties' familiarity with the background of this action, which is set forth in my January 7 Order. (Doc. 34.)

amount, or $12,000.

## I. Legal Standard

### A. *Settlement Amount*

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

### B. *Attorney's Fees*

Where a settlement agreement includes a provision for attorney's fees, courts must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). It is within a court's discretion whether to award attorney's fees based on either the lodestar method or the percentage of the settlement fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4

(S.D.N.Y. June 3, 2016). District courts are encouraged to "cross-check" the percentage fee requested against counsel's "lodestar." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In applying the lodestar method, courts first calculate the "lodestar" amount by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and then adjust the lodestar based upon case-specific considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded . . . may not exceed what is 'reasonable' under the circumstances." *Hart*, 2015 WL 5577713, at *13 (quoting *Goldberger*, 209 F.3d at 47). In analyzing the reasonableness of the fee, a court should be guided by the following factors: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (citing *Goldberger*, 209 F.3d at 50). Furthermore, because the "adversary system is typically diluted" in attorney's fees determinations, as defendants have little incentive to challenge the amount of attorney's fees once a settlement amount is agreed to, the fee must be assessed "based on scrutiny of the unique circumstances of each case, and a jealous regard to the rights of those who are interested in the [settlement amount]." *Goldberger*, 209 F.3d at 52–53 (internal quotation marks omitted).

## II. Discussion

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for a gross settlement amount of $60,000. (Doc. 35, at 2.) This amount represents approximately 24% of the total amount Plaintiff claims that he could have recovered had he prevailed on his claims at trial; a figure that includes liquidated damages. (Doc. 33, at 2.) The parties contend that the settlement is fair considering the anticipated costs and risks associated with continued litigation. (*Id*. at 1–2.) Given the uncertainty of recovery, as well as inherent risks and costs associated with trial, settlement appears to be an efficient resolution of the matter. The proposed settlement also appears to be the product of adversarial, arm's-length bargaining between experienced counsel—including a settlement conference before Magistrate Judge James L. Cott, (*see* Doc. 28)—and there is no basis for me to believe that there was any fraud or collusion involved in the settlement, (*id*. at 2). Nor are there any factors present that typically weigh against approving a settlement. *See Wolinsky*, 900 F. Supp. 2d at 336. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of Plaintiff's claims. *See Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 219 (S.D.N.Y. 2015) (finding recovery of 22.8 percent reasonable in light of the relatively early stage of the litigation and potential hurdles lying ahead for plaintiffs).

### B. *Attorney's Fees*

I next consider the attorney's fees and costs requested by Plaintiff's counsel. In the joint letter seeking approval of the parties' settlement, Plaintiff's counsel requests $20,000 in fees and costs, which represents one-third of the total FLSA settlement amount. (*See* Doc. 33, at 3–4.)

Counsel requests this fee for the work performed by two attorneys, Michael Faillace and Haleigh Amant, and has submitted contemporaneous billing records to facilitate a lodestar cross-check. (Doc. 33-2.) Mr. Faillace, the Managing Member of Michael Faillace & Associates, P.C., bills his time at a rate of $450 per hour. (*See* Doc. 33, at 3.) Ms. Amant, an associate at Michael Faillace & Associates, P.C., who graduated from law school in 2017, bills her time at a rate of $250 per hour. (*See id.*) I find these rates to be unreasonably high. In determining a reasonable rate for Mr. Faillace and Ms. Amant, many courts in this district have declined to award the rates requested here, and have instead awarded rates between $350 and $400 per hour for Mr. Faillace and a rate of $175 per hour for Ms. Amant. *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632(AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (reducing the hourly rate for Mr. Faillace to $400 and the hourly rate for Ms. Amant to $175); *Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) (reducing Mr. Faillace's rate to $400 per hour); *cf. Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that "the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have previously been reduced by several courts in this district"). I therefore find that more appropriate rates for the lodestar calculation are $400 per hour for Mr. Faillace and $175 per hour for associate Ms. Amant, who was in her first year of practice at the time she worked on this case. Calculated using these reasonable hourly rates, the lodestar amount—including costs—is $5,758.50. Counsel's requested fee of $20,000 results in a lodestar multiplier of 3.47.[2]

Where, as here, counsel has spent only twenty-five total hours on this case, and the case

---

[2] Even using Plaintiff's counsel's proposed hourly rates, the lodestar amount would be $7,421, including costs, (*see* Doc. 33-2, at 3), for a multiplier of nearly 2.7.

5

is relatively simple—involving only one Plaintiff and minimal formal litigation—I find that a $20,000 fee is excessive. *Cf. Lopez*, 2016 WL 1626631, at *4 (reducing fee award where case was a "run-of-the-mill wage and hour action involving a single Plaintiff and no motion for conditional certification"). Accordingly, I find that a reduction of Plaintiff's attorney's fees is appropriate, and I award Plaintiff's counsel 20% of the total settlement amount, or $12,000, which still amounts to more than double the lodestar amount, calculated using the reasonable hourly rates referenced above. *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *cf. Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094(PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) (concluding that multiplier of 1.82 gave class counsel "ample credit for the effort and risk" associated with FLSA and NYLL class action).

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. However, I do not find the requested attorney's fees—which are not referenced in the settlement agreement itself—to be fair and reasonable. I therefore approve the settlement agreement but award Plaintiff's counsel $12,000 in attorney's fees, rather than the requested $20,000.

SO ORDERED.

Dated: November 1, 2019
      New York, New York

Vernon S. Broderick
United States District Judge